E. H. BARNES v. J. B. HOGATE, *et al.*, Appellants.

CONTRACT BY AGENT. Where the owner of land employs another to cultivate the same, specifying the manner of payment for the work to be done, and providing that the owner is to be at no other expense for labor done on said land, if the owner afterwards directs the employe to do additional work, and to get some one to help him, the owner is liable for the reasonable value of labor done by a third person, hired by the party employed, to cultivate the land.

*Appeal from Pottawattamie District Court.* — HON. W. R. GREEN, Judge.

TUESDAY, OCTOBER 26, 1897.

THE defendant J. B. Hogate leased a farm to one Brubaker by written lease for the season of 1894. In August of that year, Hogate being in Spain, and learning that the corn crop in this country had failed, wrote his tenant a letter to have the corn cut and shocked. The tenant employed the plaintiff to cut and shock the corn at an agreed price of four cents per shock, and he cut and shocked one thousand, two hundred and forty-three shocks, and this action is to recover from Hogate therefor. The district court gave judgment for plaintiff, and the defendants appealed.—*Affirmed.*

*A. W. Askwith* for appellants.

*A. B. Johns* for appellee.

GRANGER, J.—The amount in controversy is less than one hundred dollars, and hence our jurisdiction is fixed by the question presented by the district court. It is as follows: "When the owner of land employs another to cultivate the same, by written contract specifying the manner of payment for the work to be done, the horses and tools to be furnished by the owner, and providing the owner is to be at no other expense for tools or labor done on said land, if the owner afterwards writes to the employe, directing him to do additional work in the way of cutting corn, not provided for by the contract, and to get some one to help him, is the owner liable

for the reasonable value of labor done by a third party, hired by the party employed to cultivate the land, in pursuance of said directions, notwithstanding he does not have the corn cut in the manner directed, but in a more expensive way? If the foregoing question is answered in the affirmative, then this case should be affirmed; but, if in the negative, then this case should be reversed." We are limited by the question, and we do not go outside for the facts. We think a question is argued by appellants with facts different from those stated in the question. The question seems to us to be hardly an open one. It is argued to us as if Hogate had merely requested Brubaker to do what his lease required him to do, and to get some one to help him. We are to determine if Hogate would be liable if he directed Brubaker to "do additional work in the way of cutting corn, not provided for by the contract, and to get some one to help "him." The proposition is not debatable By the direction, he makes Brubaker his agent to employ some one to do what he (Hogate) wants done. It is not a matter that the lease or contract controls. The argument takes no note of the latter statement in the question as to the departure from the directions, and we need not consider it. Our answer to the question submitted by the court is in the affirmative, and the judgment is AFFIRMED.